# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEATHER JANDA HAY, as representative of the class and on behalf of the GUCCI AMERICA, INC. RETIREMENT AND SAVINGS PLAN n/k/a KERING AMERICAS, INC. RETIREMENT AND SAVINGS PLAN,<br><br>Plaintiff,<br><br>v.<br><br>GUCCI AMERICA, INC., BENEFIT PLANS COMMITTEE GUCCI AMERICA, INC. n/k/a BENEFIT PLANS COMMITTEE KERING AMERICAS, INC., KERING AMERICAS, INC., and DOES NO. 1-10, Whose Names are Currently Unknown,<br><br>Defendants. | Civil Action No.:<br>2:17-cv-07148 (CCC/CLW) |

## FINAL APPROVAL ORDER AND JUDGMENT

**Wherefore, this 5 day of December, 2019,** upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement dated December 5, 2019 (herein the "Settlement"), in the above matter, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Settling Parties, including all members of the Settlement Class.

3. The Court confirms that the Class preliminarily certified under Fed. R. Civ. P. 23(b)(1) is appropriate for the reasons set forth in its Preliminary Approval Order, and hereby finally certifies the following non-opt-out Class:

> All participants and beneficiaries of the Gucci America Inc. Retirement and Savings Plan n/k/a Kering Americas, Inc. Retirement and Savings Plan at any time on or after September 15, 2011 through December 31, 2018, including any Beneficiary of a deceased person who was a Participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a Qualified Domestic Relations Order who was a Participant in the Plan at any time during the Class Period.

4. As reflected in the information from the Settlement Administrator, 8,464 Settlement Notices were timely distributed via electronic and/or first class mail to all Class Members who could be identified with reasonable effort. Of those, approximately 677 were first returned as undeliverable, and the Settlement Administrator searched for updated address information for any Notices returned as undeliverable, and re-mailed Notices to those Class Members. The form and method of notifying the Class Members of the terms and conditions of the

proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notice of the Settlement, the Fairness Hearing, and the rights of the Class Members was provided, consistent with the requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Constitution.

5. Pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq. ("CAFA"), a separate notice of the Settlement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor. All requirements of CAFA have been met, and Defendants have fulfilled their obligations under CAFA.

6. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves the Settlement and the terms therein as a fair, reasonable, and adequate settlement and compromise given the claims asserted in the Class Action. The Court finds that the Settlement is fair, reasonable, and adequate to the Plan and Class Members based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    a. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    b. The Settlement was negotiated only after Class Counsel had conducted a pre-settlement investigation and received pertinent information and documents from Defendants in discovery;

    c. Class Counsel and Plaintiff were well-positioned to evaluate the value of the Class Action;

    d. If the Settlement had not been achieved, Plaintiff and the Class Members faced significant expense, risk, and uncertainty in connection with the Litigation, which likely would have been prolonged;

    e. The amount of the Settlement is fair, reasonable, and adequate in light of the claims that were asserted, the risks of litigation, and settlements in other similar cases, and the Plan of Allocation is also fair, reasonable, and appropriate;

    f. The Class Representative and Class Counsel support the Settlement, and have concluded that the Settlement Agreement is fair, reasonable, and adequate;

    g. Class Members had the opportunity to be heard on all issues relating to the Settlement and the requested Administrative Expenses, Attorneys' Fees and Costs, and Class Representative's Compensation

by submitting objections to the Settlement Agreement to the Court. There were no objections to the Settlement; and

    h. The Settlement also was reviewed by an independent fiduciary, Fiduciary Counselors, which has approved and authorized the Settlement.

7. The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8. The operative Amended Class Action Complaint and all claims asserted therein, whether asserted by the Class Representative on her own behalf or on behalf of the Class Members, to secure relief on behalf of the Plan, is hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement Agreement.

9. Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall (i) have fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) be barred and enjoined from instituting,

maintaining, prosecuting, or asserting any of the Released Claims against Defendants or other Released Parties in any action or proceeding, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall (i) have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) be barred and enjoined from instituting, maintaining, prosecuting, or asserting any of the Released Claims against the Defendants or other Released Parties in any action or proceeding, even if the Plan or any Class Member may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims.

11. Each Class Member shall release Defense Counsel, Class Counsel, and the Released Parties from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount, or arising from any act or omission of the Settlement Administrator or Independent Fiduciary, and for all tax liability and associated penalties and interest, as well as related attorneys' fees and expenses.

12. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation.

13. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

14. Within twenty-one (21) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation, the Settlement Administrator shall prepare and provide Class Counsel and Defense Counsel with a list of each person who received a Settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

15. Upon the Effective Date of this Order, Plaintiff, Defendants, all Class Members, and the Plan shall be bound by the Settlement Agreement.

16. The Court has subject matter jurisdiction over the claims herein and personal jurisdiction over the Plaintiff, Defendants, and Class Members, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement. Such retention of jurisdiction shall not affect the finality of the Court's Judgment.

17. The settlement amount, after the award of attorneys' fees and Plaintiff's service award, is $800,000, which amount is fair and reasonable.

18. Class Counsel are hereby awarded $395,000 in attorneys' fees (which is approximately 33% of the Gross Settlement Amount), plus $43,366.42 in expenses, and Plaintiff is awarded a $5,000 service award, which amounts are fair and reasonable under all of the circumstances. Class Counsel's lodestar, as of the filing of the final approval papers, was $443,291.50 and was based upon hourly rates that are reasonable and commensurate with the rates charged for similar services in this jurisdiction, and the hours devoted to this engagement (978.4) were reasonable and appropriate given the complexity of this case and the work performed by Class Counsel. Thus, the attorneys' fee award of $395,000 represents a multiplier of less than 1.0 and is fair and reasonable. In addition, the expenses incurred by Class Counsel in the amount of $43,366.42 are fair and reasonable under all of the circumstances. Finally, the service award of $5,000 to

Plaintiff in her capacity as the Class Representative in this case is fair and appropriate in light of the efforts undertaken on behalf of the Class.

19. All Settling Parties, the Settlement Class, and the Plan are bound by, and subject to, the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

DATED: <u>December 5</u>, 2019

_____
HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE

10